UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JONATHAN W. ASSAF                                    CIVIL ACTION

VERSUS                                               NO. 10-1063

ALLSTATE INDEMNITY COMPANY                           SECTION "N" (1)
AND ROBERT J. CAMBIAS

**ORDER AND REASONS**

Before this Court is Plaintiff's Motion to Remand (Rec. Doc. 8), which seeks remand of this matter to the Civil District Court for the Parish of Orleans, State of Louisiana. The removing defendant, Allstate Indemnity Company ("Allstate"), opposes Plaintiff's motion. (See Rec. Doc. 9). After considering the memoranda of the parties and the applicable law, the Court denies this motion.

**I.     FACTS AND PROCEDURAL HISTORY**

Plaintiff is the owner of certain property located at 5527 Rosemary Place, New Orleans, Louisiana. Allstate was Plaintiff's homeowners insurance provider. Plaintiff had obtained the Allstate policy through insurance agent and co-defendant Robert J. Cambias ("Cambias").

On or about February 22, 2009, Plaintiff incurred property loss as a result of a home theft/robbery/burglary. Thereafter, Plaintiff sought payment of insurance proceeds under his

1

policy with Allstate to compensate for the losses.  A dispute arose as to the amount paid by Allstate for the personal property losses allegedly incurred as a result of the theft/robbery/burglary.  Plaintiff and Allstate were unable to amicably resolve the claims, and Plaintiff filed suit in state court.  Plaintiff later amended his Petition to assert a separate negligence claim against the Allstate insurance agent, Cambias.

Asserting jurisdiction under 28 U.S.C. § 1332, Allstate removed this matter.  Seeking remand, Plaintiff now contends that Cambias' presence as a Louisiana citizen precludes the requisite complete diversity of citizenship.  He further contends that Allstate's removal was without Cambias' consent and therefore, in violation of the removal requirements.  In response, Allstate opposes Plaintiff's two arguments based on the premise that Plaintiff improperly joined Cambias as a defendant.

## II.    LAW AND ANALYSIS

For 28 U.S.C. § 1332 to provide subject matter jurisdiction, complete diversity of citizenship must exist between the plaintiff and all of the properly joined defendants, and the amount in controversy must exceed $75,000.  *See* 28 U.S.C. § 1332.  State Farm contends that this Court has diversity jurisdiction over this action because Plaintiff improperly (fraudulently) joined Flynt, a Louisiana defendant, to defeat diversity jurisdiction.[1]

A plaintiff may not join a non-diverse defendant in a suit to defeat diversity jurisdiction *unless* the plaintiff has a viable claim against that defendant.  When determining whether the

---

[1] The Fifth Circuit now officially refers to "fraudulent joinder" as "improper joinder." *See, e.g., Melder v. Alsltate Corp.*, 404 F.3d 328, 329 (5th Cir. 2005).  Nevertheless, the term "fraudulent joinder" is still frequently used.

2

plaintiff has a viable claim, however, "the plaintiff's intent that the joinder" of a defendant "should defeat federal subject matter jurisdiction is immaterial to the propriety of the removal," as long as the claim against the party to be joined is "not merely colorable or made in bad faith."  14C C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3723, at 629-30 (3d ed. 1998).

"The burden of proving a fraudulent joinder is a heavy one" that is borne by the removing party. *Green v. Amerada Hess Corp.,* 707 F.2d 201, 205 (5th Cir. 1983). Specifically, the removing party must show either:  "(1) actual fraud in the pleading of jurisdictional facts, or (2) the inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *McKee v. Kan. City S. Ry. Co.,* 358 F.3d 329, 333 (5th Cir. 2004) (citation omitted).  "[F]raudulent joinder must be proved 'with particularity and supported by clear and convincing evidence' by the removing party." *Doe v. Cutter Biological,* 774 F. Supp. 1001, 1003 (E.D. La. 1991) (quoting 14A C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3723, at 343 (2nd ed. 1985)).  The Court, however, should not pre-try the case. *Carriere v. Sears, Roebuck and Co.*, 893 F.2d 98, 100 (5th Cir. 1990).

The Fifth Circuit has historically used different phrases in describing the standard for improper (fraudulent) joinder.  Whether using the phrase "no possibility of recovery" or "no reasonable basis for the plaintiff to establish liability," the essential standard has been the same. *See Travis v. Irby,* 326 F.3d 644, 647 (5th Cir. 2003).  In *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.,* the Fifth Circuit explained and clarified the standard:

> [T]he court determines whether the [plaintiff] has any possibility of recovery against the party whose joinder is questioned.  If there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved, then there is no fraudulent joinder.  This possibility, however, must be reasonable, not merely theoretical.

313 F.3d 305, 312 (5th Cir. 2002) (internal citation and quotations omitted).

A full-scale evidentiary hearing is inappropriate for determining improper joinder because the validity of the plaintiff's "claim against the in-state defendant(s) should be capable of summary determination." *Green,* 707 F.2d at 204. That being said, the scope of the inquiry for improper joinder goes beyond the pleadings to include summary judgment-type evidence. *Travis,* 326 F.3d at 648-49. This allows the Court to determine whether a plaintiff has a basis in fact and law for his or her claim. *See, e.g., Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 542 (5th Cir. 2004). In conducting this inquiry, however, the Court "take[s] into account all unchallenged factual allegations, including those in the [petition], in the light most favorable to the plaintiff." *Travis*, 326 F.3d at 649. Finally, all ambiguities, whether in the relevant state law or in fact, are to be interpreted in favor of the party who is accused of fraudulent joinder. *Id.* at 648.

Regarding the validity of Plaintiff's joinder of Cambias as a defendant in this action, an agent for a known principal is not held personally liable with respect to the principal's contractual obligations, under Louisiana law, unless the agent personally binds himself, exceeds his authority, or misrepresents a position of the principal. *See* La. Civ. Code arts. 3016, 3019; *Leblanc v. Mid-Continent Life Ins.,* No. 93-2677, 1993 WL 432374, at *1 (E.D. La. Oct. 21, 1993). An insurance agent such as Cambias may be held liable, in tort, however, if he intentionally or negligently misrepresents facts that he knows or has reason to know to be false. *See, e.g., Ragas v. Tarleton,* No. 06-4137, 2006 WL 2925448, *3 (E.D. La. Oct. 10, 2006).

Louisiana case law has established that an insurance agent does have a fiduciary duty to the insured and is liable for a negligent breach of that duty. See *Neustadter v. Bridges*, 406 So.2d 738, 741 (La. App.1981). In *Offshore Production Contractors, Inc. v. Republic*

*Underwriters Ins. Co.*, 910 F.2d 224, 229 (5th Cir. 1990), the Fifth Circuit held that an agent who has undertaken to provide insurance has made an agreement to provide coverage for a client's specific concerns when the agent knows of the risks against which the insured wants protection and has experience with those types of coverages on the market. *Id.* at 229.

To recover from an insurance agent, Plaintiff must demonstrate: (1) an undertaking or agreement by the agent to procure insurance; (2) failure of the agent to use reasonable diligence in attempting to place the insurance and failure to notify the client promptly if he has failed to obtain the insurance; and (3) actions by the agent warranting the client's assumption that he is properly insured. *Sullivan v. State Farm and Casualty Co.*, No. 06-1677, 2006 WL 2119320, at *3 (E.D.La. July 27, 2006). Agents have a duty to use reasonable diligence in attempting to place the insurance requested. *See Karam v. St. Paul Fire & Marine Ins. Co.,* 281 So.2d 728, 730 (La. 1973). If a duty is imposed by the relationship of the parties and the duty is breached by an act or omission of a party, then that party is liable for such acts of omission or commission. *Mauroner v. Massachusetts Indem. and Life Ins. Co.*, 520 So.2d 451 (5th Cir. 1988). But there is no duty "to spontaneously identify a client's needs and advise him as to whether he is underinsured or carries the right type of coverage." *Dobson v. Allstate Ins. Co.*, 2006 WL 2078423, at *10 (E.D.La. 2006).

The central issue in this case is whether Plaintiff's factual allegations against Cambias are sufficient to support a cause of action. Allstate contends that Plaintiff's pleadings demonstrate only that Allstate failed to properly pay his claims, not that the subject policy procured by Cambias was, in any manner, inadequate to cover the property loss Plaintiff now

claims.  Allstate further contends that Plaintiff fails to affirmatively plead any facts showing the failure of Cambias to discharge any duty owed to Plaintiff.

Here, Plaintiff alleges that upon his procurement of an insurance policy in 2007, Cambias made assurances that placed Plaintiff under the impression that the insurance policy was sufficient to provide "complete coverage to his home and personal property in the event of a loss." (Rec. Doc. 10, p. 2).  Specifically, in his Amended Petition, Plaintiff avers that Cambias breached his fiduciary duties to provide and secure appropriate and adequate coverage "in the following non-exclusive particulars: (1) failing to provide and/or advise [Plaintiff] the proper amount of homeowners insurance; (2) failing to provide and/or advise [Plaintiff] of homeowners policy limitations and exclusions; and (3) any and all other such acts as become known at the time of trial." (Amended Petition, ¶XXVII).  Cambias' alleged error or omission in these regards would have been committed while he was either employed by or was an agent of the defendant, Allstate. (See Amended Petition, ¶XXVIII). Significantly, Plaintiff has not alleged that Cambias personally bound himself on the Allstate insurance contract, exceeded the authority granted to him by Allstate, or misrepresented Allstate's position with respect to the policy.

Plaintiff does not allege that he informed Cambias that he wanted "full" coverage of both home owner's insurance, including personal property found within.  Furthermore, Plaintiff does not assert that he requested Cambias to advise him regarding the appropriate personal property insurance required to cover both his home and its contents.  Nor does Plaintiff allege, for example, that Cambias ever informed him that he had "full" personal property coverage.  Furthermore, Plaintiff does not allege that his coverage was not clearly set forth in the policies and/or contract, as they typically are, or that he never received the policies.  To the contrary,

6

Plaintiff alleges in his Petition that the losses are "covered under the subject Policy." (Petition, ¶V).

Given the foregoing, the Court finds no reasonable basis to predict independent liability against Cambias, the non-diverse defendant. Plaintiff's claims against Cambias are thus disregarded when considering the existence of diversity jurisdiction. Accordingly, given the diversity of citizenship present between Plaintiff and Allstate, the Court finds it has jurisdiction over the action pursuant to 28 U.S.C. § 1332. Although Plaintiff contends that the removal of the action was nevertheless procedurally defective because not all of the defendants timely consented, timely consent is only necessary for properly joined defendants. See *Jurnigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir. 1993).

### III.  CONCLUSION

On the showing made, the Court finds improper joinder, for purposes of evaluating the instant motion to remand, to have been demonstrated with respect to non-diverse defendant Robert J. Cambias. Accordingly, **IT IS ORDERED** that Plaintiff's **Motion to Remand (Rec. Doc. 8 )** is **DENIED**.

New Orleans, Louisiana, this 8th day of November 2010.

**KURT D. ENGELHARDT**
**United States District Judge**